UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES R.,

                              Plaintiff,

v.                                                                                  CASE # 20-cv-01488

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | ANTHONY J. ROONEY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

### I.     RELEVANT BACKGROUND

#### A.     Factual Background

Plaintiff was born on April 25, 1967, and has greater than a high school education. (Tr. 156, 161). Generally, plaintiff's alleged disability at the time of application was scoliosis, sciatica, left ankle issues status post-surgery, bad rotator cuffs, depression, left hip issues, and lumps on tendons in this hand. (Tr. 160). His alleged onset date is November 17, 2017, and his date last insured is December 31, 2022. (Tr. 156).

#### B.     Procedural History

On March 14, 2018, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 141-43). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On October 10, 2019 plaintiff appeared before ALJ Carl Stephan. (Tr. 38-63). On December 10, 2019, ALJ Stephan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 17-36). On August 18, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, Plaintiff timely sought judicial review in this Court.

#### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since November 17, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: low back disorders, left ankle synovitis with tendinopathy status-post multiple surgeries and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 25, 1967 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the clamant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 17, 2017, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 14-27).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, he argues the ALJ erred in finding the plaintiff had no severe shoulder impairment. (Dkt. No. 12 at 10 [Plaintiff's Mem. of Law]). Second, the ALJ erred in finding that the plaintiff had transferrable skills. (Dkt. No. 12 at 14).

### B. Defendant's Arguments

In response, defendant asserts two arguments. First, defendant argues the ALJ properly determined plaintiff's RFC. (Dkt. No. 10 at 6 [Defendant's Mem. of Law]). Second, defendant argues the ALJ properly determined plaintiff could perform wok in the national economy. (Dkt. No. 13 at 10).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

### A. Non-severe Impairment

Plaintiff argues the ALJ failed to find his shoulder impairment severe and subsequently erred by not including overhead reaching limitations in the RFC. (Dkt. No. 12 at 10). At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition severe. *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).  Further, the plaintiff bears the burden of presenting evidence establishing severity. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (*citing Miller v. Comm'r of Social Sec.*, No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); *see also* 20 C.F.R. § 404.1512(a).

The regulations mandate impairments must be established by medical evidence consisting of signs, symptoms and laboratory findings. 20 C.F.R. §§ 404.1508, 404.1528. ALJ Stephan directly addressed why the shoulder impairment was not found severe:

> Concerning his alleged bilateral shoulder pain with bad rotator cuffs, on March 28, 2018, the claimant sought orthopedic treatment for bilateral shoulder pain. Radiographic imaging studies of bilateral shoulders showed no evidence of fracture, no significant arthritic changes, bilateral type II acromion and mild right glenohumeral joint arthritis (Exhibit B13F, p. 8)… Accordingly, based on the evidence as described above, the undersigned Administrative Law Judge finds no evidence to support a finding that his alleged conditions with []shoulders cause any more than minimal limitations of function in the claimant's ability to perform basic physical and/or mental work-related activities lasting in duration for not less than 12 months and are nonsevere. (Tr. 23).

To be sure, the ALJ continued through the sequential analysis and found plaintiff capable of only sedentary work, which is the least rigorous of the five exertional categories recognized by SSA regulations. *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000); 20 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. C.F.R. § 404.1567(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Id.* Additionally, the ALJ did find the claimant had other severe impairments at step two and continued through the sequential evaluation. It has been well established that because step two merely serves as a filter to screen out *de minimis* disability claims, a finding of any severe impairment, whether attributable to a single condition or a combination of conditions, is enough to satisfy its requirements. *Kessler v. Colvin*, 48 F. Supp. 3d 578, 593 (S.D.N.Y. 2014) (citing *Fortier v. Astrue*, No. 10-CV-01688, 2012 WL 3727178, at *9 (D. Conn. May 11, 2012)). In sum, errors at step two are harmless as long as the ALJ continues with the sequential analysis. *Stanton v. Astrue,* 370 Fed.Appx. 231, 233 n.1 (2d Cir. 2010).

In a related argument, plaintiff contends the ALJ should have given greater limitations for overhead reaching based on the opinion of consultative examiner Dr. Liu. (Dkt. No. 12 at 13). Dr. Liu found only a mild to moderate limitation for prolonged walking, bending, kneeling, and overhead reaching. (Tr. 253). ALJ Stephan found the opinion most persuasive. (Tr. 28). *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (noting also that the ALJ's conclusions do not need to "perfectly correspond" with any of the opinions from medical sources in order to be supported by substantial evidence). Plaintiff has not shown how a mild to moderate overhead reaching limitation limits him more than a sedentary RFC.

The RFC for sedentary work is additionally supported by opinions from plaintiff's treating orthopedists. (Tr. 29). Dr. Ritter opined that plaintiff was able to perform a light duty job or desk type work. (Tr. 880). The ALJ found Dr. Ritter's opinion most persuasive in regard to performing sedentary work activities. (Tr. 29). Likewise, Dr. Rogers opined that plaintiff could not return to his work as an engineering consultant, because it required significant amount of going up and down ladders along with a significant amount of time walking and standing in addition to required periods of time lifting. (Tr. 273). He noted no limitations in regarding to reaching (overhead or otherwise). (Tr. 273). The ALJ found this opinion somewhat persuasive. (Tr. 29).

The RFC, without any overhead reaching limitations, was also supported by exam findings. Plaintiff's shoulder strength was consistently full (5/5) in all areas measured. (Tr. 244 (flexion, abduction, internal rotation, external rotation, elbow flexion, elbow extension), 259 (same), 608, 927). Other examination notes report no instability of the shoulders, normal muscle tone, and no atrophy, deformity or ecchymosis of the shoulder bilaterally. (Tr. 541, 744, 974). In his function report, plaintiff listed no difficulties with reaching (despite alleging limitations in virtually all other areas of physical functioning). (Tr. 173).

The finding of the shoulder impairment to be non-severe and the RFC determination were both supported by substantial evidence. Plaintiff has not presented any evidence that directly refutes the conclusion that he is not disabled.

B. **Transferability of Skills**

After the hearing concluded, ALJ Stephan on October 30, 2019, sent interrogatories to vocational expert Margaret Heck. (Tr. 226). Referring to exhibits in the file, which were completed by the plaintiff, VE Heck identified plaintiff's past relevant work as an auto parts sales representative, #273.357-022, SVP5 light work; maintenance engineer, #382.664-010, SVP3,

medium work; service technician, #637.261-014, SVP7, medium work performed as heavy; cable installer, #822.381-014, SVP7, heavy work; and digital communications equipment repairer, #828.261-072, SVP7, medium work. (Tr. 227). Accordingly, VE Heck acknowledged that a person limited to sedentary work could not perform plaintiff's past work which was medium to heavy. (Tr. 228). Heck identified the transferable skills of collecting, describing, displaying, interviewing, negotiating, promoting, showing, supplying, taking tickets, and purchasing. (Tr. 229). VE Heck concluded the hypothetical individual identified by the ALJ could be a telephone solicitor, DOT #299.357-014, SVP3, sedentary work; information clerk, DOT #237.367-022, SVP4, sedentary work; and order clerk, DOT #249.362-026, SVP4 sedentary work. (Tr. 229). To be sure, the Social Security Administration uses the SVP (Specific Vocational Preparation) rating as a guideline for determining how long it would take a claimant to achieve average performance in a job. According to the SSA, an SVP7 job takes over 2 years, and up to and including 4 years, to learn the skills of the job. *See* Social Security Program Operations Manual System (POMS), https://secure.ssa.gov/poms.nsf/lnx/0425001001, last accessed January 25, 2022.

On November 8, 2019, the same vocational interrogatories were proffered to plaintiff and his attorney with notice that written questions could be submitted to the author of the new evidence, a supplemental hearing may be requested, or a submission of a written statement were all permitted. (Tr. 231). Plaintiff did not respond within the 10 days allowed and the ALJ entered the interrogatories into evidence and issued his decision. (Tr. 232).

Plaintiff contends it was error for the ALJ to rely on the VE's testimony regarding plaintiff's transferable skills at step five. An individual has transferable skills when the skilled or semi-skilled job functions he has performed in his past relevant work can be used to meet the requirements of other work within his RFC. *See* POMS DI 25015.017 (available at

https://secure.ssa.gov/poms.nsf/lnx/0425015017). In his decision, ALJ Stephan identified plaintiff's past work as a commercial service manager, engineering consultant and cable installer for the past fifteen years. (Tr. 30). The ALJ thoroughly outlined duties of the roles with information provided directly from plaintiff:

> He described his commercial service manager position as traveling to nine different local fast food restaurants and painted fences, repaired equipment, and did both plumbing and electrical work. He performed heavy lifting, walking, standing, climbing ladders, overhead reaching and bending. As a cable installer, he traveled throughout the Western New York area installing cable for commercial purposes, which also required that he carry ladders, walk, bend, kneel and heavy lifting. His engineering consultant position consisted of gathering data, making adjustments, carried tools and heaviest weight lifted was 20 pounds (Exhibits B3E and B12E). (Tr. 30).

Prior to proceeding to step five, the ALJ appropriately considered whether plaintiff had acquired work skills and determined that he had explaining:

> The vocational expert reported that the claimant's past relevant work was skilled with a Specific Vocational Preparation (SVP) code of 7 and required the following skills: collecting, describing, displaying, interviewing, negotiating, promoting, showing, supplying, taking tickets and purchasing (Exhibit B15E). (Tr. 31).

Plaintiff does not argue the ALJ erred in the identification or classification of past relevant work but that it was an error for the ALJ to find plaintiff could perform the semi-skilled occupations identified by the VE. (Dkt. No. 12 at 15). Further, plaintiff's argument focuses solely on past-relevant work without consideration of his education levels, which are also considered heavily in the SVP rating. Plaintiff testified he has an associate's degree (Tr. 43).

As reviewed above, plaintiff did not respond with any questions or statements after receiving the VE's interrogatories. There is no inconsistency between the occupational evidence provided by the VE and the occupational information supplied by the DOT. An ALJ is permitted to rely on testimony from a VE in making a finding at steps four and five. Accordingly, the ALJ's proper transferability analysis is evident in the decision and supported by substantial evidence.

(Tr. 24, 229). Because substantial evidence in the record supports the ALJ's determination, the ALJ's decision is affirmed. *See DeChirico v. Callahan*, 134 F.3d at 1182 (Commissioner's decision affirmed where substantial evidence for both sides).

**ACCORDINGLY, it is**

>**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>;** and it is further

>**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 13) is **<u>GRANTED</u>.**

Dated: January 28, 2022  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge